**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YVENEL ERNEST,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2685-KC** |
| | § | |
| **OFFICER IN CHARGE OF THE ICE FACILITY HOLDING YVENEL ERNEST IN EL PASO, TEXAS, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered the above-captioned case, in which Petitioner seeks release from immigration custody. Pet. ¶ 18, ECF No. 1-1. Petitioner is detained within the boundaries of the Western District of Texas pending ongoing removal proceedings. *Id.* ¶¶ 3–4.

As a preliminary matter, Petitioner requests that the Court allow him to proceed IFP and waive the filing fee for his Petition. *See generally* Mot. IFP. To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required. *Id.* In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas*, No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995). Petitioner has no income, assets, or savings. Mot. IFP Attach. A ("Fin. Decl.") ¶¶ 1–5, ECF No. 1. Thus, he has made the requisite showing that he is unable to afford the costs of the proceeding.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; *see, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020).

Petitioner also seeks a temporary restraining order for his immediate release. Mot. TRO . ¶ 6, ECF No. 4. Even crediting Petitioner's likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

Finally, Petitioner seeks to expedite the proceedings. Mot. Expedited Habeas Return, ECF No. 3. The Court treats this case with the same urgency and care as all similar habeas petitions.

Accordingly, Petitioner's Motion to Proceed In Forma Pauperis, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must **SHOW CAUSE** by **<u>no later than November 11, 2026</u>**, why the application for a writ of habeas corpus should not be granted. Respondents must explain:

(1) Whether Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), § 1226(a), or some other provision of law. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 504–05 (5th Cir. 2026).

(2) Whether Petitioner's "removal remains a viable prospect." *See Sosnava Rodriguez v. Vergara*, --- F.4th ----, 2026 WL 3181188, at *13 (5th Cir. 2026).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

If any deadline set in this Order falls on a weekend or holiday, that deadline is extended to the following business day.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Noticed Temporary Restraining Order, ECF No. 4, is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Expedited Habeas Return, ECF No. 3, is **DENIED**.

**SO ORDERED**.

**SIGNED this 4th day of November, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE